

GDB/LBG: USAO 2019R00879

_____ FILED   _____ ENTERED
_____ LOGGED   _____ RECEIVED

DEC 27 2019

AT GREENBELT
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | CASE NO. 19-4143-CBD |
| | * | |
| **HARJIT SINGH DUB,** | * | |
| | * | |
| **Defendant** | * | |
| | * | |

\*\*\*\*\*\*\*

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

I, Ryan Street, being duly sworn, hereby depose and state as follows:

#### Introduction

1.      I make this affidavit in support of a criminal complaint and arrest warrant. Based on the following facts, there is probable cause to believe that on or about December 20, 2019, in the District of Maryland and elsewhere, **HARJIT SINGH DUB** ("**DUB**") distributed a controlled substance, in violation of 21 U.S.C. § 841(a)(1).

#### Agent Background

2.      I am a Task Force Officer with the Drug Enforcement Administration ("DEA"), and therefore an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7).  I have also been a member of the Montgomery County Police Department ("MCPD") for approximately six years, and was a Rockville City Police Officer and Montgomery County Sheriff's Officer prior to joining MCPD.  I am currently a detective assigned to the MCPD Special Investigations Division.

3.      I have participated in hundreds of investigations and arrests for offenses related to drugs and firearms, participated in numerous Organized Crime Drug Enforcement Task Force

investigations, and authored Title III affidavits.  Through my training and experience, I have extensive knowledge pertaining to how narcotics traffickers operate drug trafficking organizations. This knowledge extends to how narcotics traffickers distribute controlled substances, launder drug proceeds, utilize communication networks and other instrumentalities of the drug trade (e.g., firearms and stash houses), and develop sources of supply.

4.     Unless otherwise stated, the conclusions and beliefs I express in this affidavit are based on my training, experience, and knowledge of the investigation, and reasonable inferences I have drawn from my training, experience, and knowledge of the investigation.

## Probable Cause

5.     On or about December 20, 2019, Individual 1—an undercover detective working on behalf of federal law enforcement—learned that **DUB** had successfully shipped a domestic mail parcel ("Parcel A") to a particular Post Office Box in Spencerville, Maryland ("the P.O. Box"). Parcel A was addressed to Individual 2 at the P.O. Box.[1]  Contemporaneously, Individual 1 was informed that Parcel A likely contained approximately five kilograms of crystal methamphetamine, a Schedule II controlled substance.

6.     After learning that Parcel A had been delivered to the P.O. Box, Individual 1 traveled to the post office in Spencerville, Maryland, to retrieve the package. At the post office, Individual 1 took possession of Parcel A, then immediately transferred the parcel to the custody of the United States Postal Inspection Service.

7.     On or about December 20, 2019, the Honorable John C. Moffett, Montgomery County District Court Judge, signed a warrant authorizing law enforcement to open Parcel A.  Law enforcement subsequently opened Parcel A pursuant to the warrant and discovered approximately

---

[1] Individual 2 is a drug trafficker in the Maryland-Washington, D.C., area.  As described below, Individual 2 arranged for **DUB** to ship Parcel A and Parcel B to the P.O. Box.

five kilograms of a substance that appeared to be, and field-tested positive for, crystal methamphetamine ("the methamphetamine").

8.　　　On or about December 23, 2019, Individual 1 learned that **DUB** had successfully shipped a second parcel ("Parcel B") to the P.O. Box. Parcel B was addressed to Individual 2 at the P.O. Box. Contemporaneously, Individual 1 was informed that Parcel B likely contained a fully automatic AK-47 or a similar type machine gun.

9.　　　On or about December 23, 2019, after learning that Parcel B had been delivered to the P.O. Box, Individual 1 travelled to the post office in Spencerville, Maryland, to retrieve the package. At the post office, Individual 1 took possession of Parcel B, then immediately transferred the parcel to the custody of the United States Postal Inspection Service.

10.　　　On or about December 23, 2019, the Honorable Amy Bills, Montgomery County District Court Judge, signed a warrant authorizing law enforcement to open Parcel B. Law enforcement subsequently opened Parcel B pursuant to the warrant and discovered a Maadi 7.62mm x 39 caliber rifle bearing serial number 79720 ("the rifle").

11.　　　Prior to the shipment of Parcel A and Parcel B, Individual 2 communicated to Individual 1 that **DUB** shipped Parcel A and Parcel B to the P.O. Box, and that **DUB** intended to travel to Maryland to collect the money for the methamphetamine and rifle in person. Individual 2 also told **DUB** that Individual 1 would pay **DUB** for the methamphetamine and the rifle, and arranged for **DUB** to meet Individual 1 in the Maryland area.

12.　　　On or about December 26, 2019, **DUB** travelled from California to Washington National Airport in Arlington, Virginia ("Washington National Airport"), where **DUB** met with Individual 1 and Individual 2. Thereafter, Individual 1 and Individual 2 drove **DUB** to Rockville, Maryland, where law enforcement arrested **DUB**.



13.     While travelling from Washington National Airport to Rockville, Maryland, Individual 1 recorded a conversation between himself and **DUB** concerning the methamphetamine and rifle.  During that conversation, **DUB** stated in sum and substance that (1) **DUB** shipped the methamphetamine and the rifle to Individual 2; (2) **DUB** previously fired the rifle and that **DUB** believed it was a fully automatic machine gun; (3) in addition to methamphetamine, **DUB** could ship large quantities of cocaine and heroin to Individual 1; and (4) **DUB** could distribute firearm silencers to Individual 1.

## Conclusion

14.     Based on the foregoing facts, there is probable cause to support the issuance of the requested criminal complaint and arrest warrant.

Task Force Officer Ryan Street
Drug Enforcement Administration

Subscribed and sworn to before me on December 27, 2019.

Honorable Charles B. Day
United States Magistrate Judge